### REED v. HARDT et al.
### Civ. A. No. 1564.

District Court, E. D. Pennsylvania.

Jan. 13, 1943.

For former opinion, see 46 F.Supp. 984.

Thomas J. Minnick, Jr., of Philadelphia, Pa., for plaintiff.

Ernest von Starck and Arthur Littleton, both of Philadelphia, Pa., for defendant Hardt.

BARD, District Judge.

This action was instituted by the plaintiff in May, 1941 against J. William Hardt, trustee for creditors of Martin M. Pearlman under a trust agreement, to compel the defendant to pay to the plaintiff his distributive share of the proceeds of a life insurance policy constituting an asset of the trust. The defendant interpleaded all the other creditors who were also beneficiaries of the trust agreement. There being no dispute as to the facts, a stipulation of the facts was executed in April of 1942 by counsel for all parties in interest. On the basis of the facts so stipulated, I found that plaintiff was entitled, under the trust agreement, to the proportionate share of the proceeds of the policy which his claim bore to the total claims of all the creditor beneficiaries less the amount, plus interest, which the other creditors had advanced to keep the policy in force. Reed, Receiver, v. Hardt, D.C., 46 F.Supp. 984. A decree for the payment of this share was entered.

The defendant trustee thereupon filed the present motion for a rehearing under Rule 59(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the sole purpose of modifying the amount of the decree. His motion sets forth that in January of 1942 he distributed to all the other creditor defendants their pro rata share of the proceeds of the policy in question. These shares, however, were computed only after the deduction of the sum of $12,000 which the defendant trustee retained for the purpose of meeting the administrative expenses of the trust. Plaintiff's share was not paid to him at that time but, pursuant to a prior order in this proceeding, the sum of $5,000 was also retained by the trustee for the purpose of paying plaintiff's share if it should be found that he was entitled to such payment. Defendant trustee now contends that if he is obliged to pay to plaintiff his proportionate part of the share of the proceeds of the policy, plaintiff will be obtaining an unjust advantage over the remainder of the creditor beneficiaries and that, therefore, the decree should be reduced by the plaintiff's pro rata share of the $12,000 retained for administrative expenses.

The twentieth fact stipulated by the parties reads as follows: "On May 14, 1941 the said Sun Life Assurance Company of Canada paid to the defendant Trustee the sum of $75,830.18 in settlement of the claim under the said policy, which sum is

---

the principal amount of the said policy less the total of the loans thereon. The said proceeds have not yet been distributed by the defendant Trustee."

This stipulation was entered into by the defendant trustee and all the other parties at interest in April 1942. The distribution of which the defendant trustee now for the first time asks the court to take cognizance was made in January 1942. Reference to this distribution was not merely omitted from the stipulation, but it was expressly stated therein that the fund had not been distributed. There is no reason why the equities asserted now should not have been asserted then, and it is difficult to see why the defendant is entitled to a rehearing to establish a fact contrary to that stipulated by all parties at interest. It may be added that plaintiff was willing to give the defendant a letter of indemnity to cover plaintiff's share of any administrative expenses for which there are insufficient funds remaining in the trust estate, but the defendant instead pressed the present motion.

Motion for rehearing denied.